CLEAVER G. MOORE *vs.* SAMUEL J. SPEAL and FRANK R. MAN-NAHAN, trading as partners under the firm name of SPEAL & MANNAHAN.

1. SET-OFF AND COUNTERCLAIM—GROUNDS—"RECOUPMENT".

The defense of a "recoupment" means that when the defendant in a suit has sustained damage because of the plaintiff's failure to perform his part of the contract, the defendant may set off against the plaintiff's claim any such damages that he may prove, which damage, however, must grow out of the contract sued on and be occasioned by the plaintiff's failure to perform his part thereof.

2. EVIDENCE—WEIGHT OF EVIDENCE.

Damages by way of recoupment must be definitely and clearly proved.

3. SET-OFF AND COUNTERCLAIM—AMOUNT.

Damages by way of recoupment can in no event exceed the plaintiff's claim.

4. SET-OFF AND COUNTERCLAIM—SEVERAL CONTRACTS—RECOUPMENT.

In an action to recover for apples sold and also for peach carriers sold to the defendant, any damage sustained by defendant by reason of the plaintiff's failure to perform one of his contracts could not be set off against the plaintiff's claim under the other contract.

5. SET-OFF AND COUNTERCLAIM—RECOUPMENT—SCOPE.

Defendant, upon showing damages from plaintiff's refusal to perform either of the contracts sued, might set them off against the plaintiff's claim under that particular contract; but if the contracts were terminated by the defendant, such damages could not be set off by way of recoupment.

(*February* 29, 1916.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*William M. Hope* for plaintiff.

*Arley B. Magee* for defendants.

Superior Court, Kent County, February Term, 1916.

SUMMONS CASE, No. 40, October Term, 1915.

Action by Cleaver G. Moore against Samuel J. Speal and Frank R. Mannahan, trading as partners under the name of Speal & Mannahan, to recover for goods sold and delivered. The plaintiff declared specially on a protested check and on the common counts. The defendants filed the usual pleas with notice of recoupment. Verdict for plaintiff. The facts appear in the charge to the jury.

PENNEWILL, C. J., charging the jury:

In this action the plaintiff seeks to recover the amount of a protested check for one hundred and forty-nine dollars and forty-one cents, together with the costs of protest amounting to one dollar and ninety-six cents, and interest from October 2, 1915. It is admitted that this check was given for apples delivered by the plaintiff to the defendants, and not paid for; but payment of the same was stopped by the defendants because, as they allege, the plaintiff refused to deliver the balance of his crop.

The plaintiff also seeks to recover in this action the sum of thirty-six dollars, with interest from August, 1915, for two hundred peach carriers sold and delivered to the defendants and never paid for. The defendants admit they received the carriers but claim they are not liable to pay for them because, as they allege, the plaintiff refused to deliver, or permit the defendants to receive the remaining eighteen hundred carriers which he agreed to let them have.

The defendants claim that the crop of apples which plaintiff agreed to sell and deliver to them was from twenty-five hundred to three thousand baskets, and he actually delivered only eleven hundred or twelve hundred baskets. Because of the non-delivery of the remainder of his crop, consisting mainly of the stayman variety, the defendants contend they were obliged to buy other apples at a higher price, and thereby sustained damage to an amount greater than the check, protest charges and interest.

The defendants further claim that they are not liable to pay for the two hundred carriers received because they were damaged by the non-delivery of the remaining eighteen hundred to an amount greater than the contract price for the two hundred received, said damage being caused, as they contend, by the deterioration of their fruit and loss of labor occasioned by their inability to promptly get other carriers in which to pack their fruit.

The plaintiff has testified that his apple crop for the last year consisted of no more than eighteen hundred baskets, including culls, and that he delivered to the defendants all merchantable fruit except about three hundred baskets.

29 Del.]　　　　MOORE vs. SPEAL, ET AL.　　　　**103**

Charge.

Plaintiff further says he stopped delivery because the defendants were not paying him as much as they paid other persons for the same kind of apples, which they contend was a violation of the agreement.

The plaintiff further says that he did not refuse to deliver the eighteen hundred carriers, and insists that the defendants never called for more than the number they received.

[1, 2] The defense set up in this case is what is known in the law as recoupment, which means that when the defendant in a suit has sustained injury or damage because of the failure of the plaintiff to perform his part of the contract the defendant may set off against the plaintiff's claim any such damage that he may prove in a suit brought against him by the plaintiff. But while this is the law we must remind you that such damage must be not only definitely and clearly proved, but it must grow out of the contract sued on, and be occasioned by the plaintiff's failure to perform his part of the contract.

[3, 4] Moreover, in no event can it exceed the plaintiff's claim. There are two contracts proved in this case, one for the apples and the other for the carriers. Any damage that you may believe from the evidence the defendants sustained by reason of the plaintiff's failure to perform one of those contracts cannot be set off against the plaintiff's claim under the other contract.

[5] No damage by way of recoupment can be allowed by the jury unless it was caused by the plaintiff's default. If the contracts in question were terminated by the refusal of the plaintiff to deliver a part of his apple crop or a part of the carriers, and the defendants have proved to your satisfaction that they were damaged by such refusal, you may set off against the plaintiff's claim under either contract the amount of any such damage clearly proved to have been caused by the plaintiff's refusal to perform that particular contract. But if you believe the contracts were terminated by the defendants and not by the plaintiff, then you cannot set off by way of recoupment any damage that may have been sustained by the defendants, because dam-

ages that may be set off by way of recoupment are only such as were caused by the failure of the plaintiff to perform his contract.

Verdict for plaintiff.